## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:07CV-266-H

**RAHSAAN BRANDON DARDEN**                                                     **PLAINTIFF**

**v.**

**UNITED PARCEL SERVICE** *et al.*                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Rahsaan Brandon Darden, filed this *pro se* civil action against the (1) United Parcel Service; (2) The Union; (3) Governor, Jefferson County, State of Alabama; (4) Eugene Verin; (5) the Governor; (6) the City of Brighton; and (7) the Brighton Police Department. Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's case in accordance with 28 U.S.C. § 1915(e). Because the complaint is frivolous, it will be dismissed with prejudice.

### I. SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Plaintiff states that he is bringing this action under 42 U.S.C. § 1983. Under the section of the form directing Plaintiff to describe his statement of claim, Plaintiff states:

> 1] Do you have a cases open the time has pass for the defendants to answer. They don't have to answer when there is nothing to answer?
>
> 2] I thought you had your license.
>
> 3] So you don't wave your right? So I can do my own closing I need to get my license in case I need to step in?

In his prayer for relief section, Plaintiff states: "I am trying to get damages to go to a jury."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth,* 114 F.3d 601, 604-05 (6th Cir. 1997) Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The complaint here is nothing more than a series of three vague and ambiguous questions that Plaintiff has failed to connect in any way to the Defendants named in the lawsuit. Although Plaintiff states that he is bringing the action under 42 U.S.C. § 1983, he has failed to allege any facts against Defendants sufficient to state a § 1983 claim. The complaint does not state any cognizable claims, and therefore, by separate order the Court will dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Date:

cc:     Plaintiff, *pro se*

4412.008